UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

(Green Bay Division)

---

**Kyle Corrigan,**

and

**Bright Line Investigations LLC,**

Plaintiffs,

v.

**City of Oshkosh,**

a Wisconsin municipal corporation,

**Officer Miguel A. Nunez,**

in his individual and official capacities,

**Lt. Michael Hotter,**

in his individual and official capacities,

**John/Jane Doe Dispatchers,**

in their individual and official capacities,

**Lynn Lorenson, City Attorney,**

in her individual and official capacities,

Defendants.

Case No. _____

25-C-1515

U.S. District Court
Wisconsin Eastern
OCT 01 2025
FILED
Clerk of Court

---

**COMPLAINT**

---

**I. INTRODUCTION**

1. This is a civil rights and privacy action brought under 42 U.S.C. §§ 1983, 1985, 1986, and 1988, and the Driver's Privacy Protection Act (DPPA), 18 U.S.C. §§ 2721–2725, with supplemental state law claims. It arises from the unlawful access, use, and disclosure of Plaintiffs' restricted motor vehicle registration information, and the ratification of such conduct by the City of Oshkosh through supervisory staff and its City Attorney.

2. Plaintiffs seek damages and injunctive relief for violations of federal and state law, including the Fourth and Fourteenth Amendments, the DPPA, Wisconsin's statutory privacy protections, and Wisconsin's code of ethics for local officials.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under federal law.

4. This Court has supplemental jurisdiction over related state law claims under 28 U.S.C. § 1367.

5. Venue is proper in the Green Bay Division of the Eastern District of Wisconsin under 28 U.S.C. § 1391(b) because the events occurred in Oshkosh, Wisconsin, which lies within this division.

## III. PARTIES

6. Plaintiff **Kyle Corrigan** is a Wisconsin resident, licensed private detective, Chief Investigator, and Founder of Bright Line Investigations LLC.

7. Plaintiff **Bright Line Investigations LLC** is a licensed private detective agency, organized under Wisconsin law, with its principal office in Stevens Point, Wisconsin.

8. Defendant **City of Oshkosh** is a Wisconsin municipal corporation responsible for the actions of its police department and employees.

9. Defendant **Officer Miguel A. Nunez** was, at all relevant times, an officer of the Oshkosh Police Department (OPD), acting under color of state law.

10. Defendant **Lt. Michael Hotter** was, at all relevant times, a supervisory officer with OPD, acting under color of state law, who reviewed Plaintiff's internal complaint, consulted with the City Attorney, and ratified the challenged conduct.

11. Defendants **John/Jane Doe Dispatchers** were, at all relevant times, OPD employees who accessed and/or relayed restricted data tied to Plaintiff's vehicle registration.

12. Defendant **Lynn Lorenson** was, at all relevant times, the City Attorney for Oshkosh, Wisconsin, acting under color of state law. She advised and ratified the challenged conduct by approving OPD's disclosure of Plaintiffs' restricted information.

## IV. FACTUAL ALLEGATIONS

13. On July 2, 2025, Plaintiff Corrigan was conducting a lawful surveillance operation from a legally parked vehicle on the 1800 block of Faby Street in Oshkosh, Wisconsin.

14. A private resident, Jennifer Lloyd, called OPD to complain of "a male in a dark gray Jeep taking pictures of her property." The complainant did not identify Plaintiff as a private investigator or mention Bright Line Investigations.

15. Officer Miguel Nunez responded. His incident report (No. 25-020561) confirms that Plaintiff was lawfully parked, not engaged in criminal activity, and explained he was using his phone.

16. Despite acknowledging no probable cause or justification to demand identification, Officer Nunez and/or OPD dispatch accessed Plaintiff's vehicle registration information and determined it was registered to Bright Line Investigations LLC.

17. Plaintiff did not contact OPD dispatch for deconfliction, nor did he voluntarily disclose his professional role to the complainant.

18. Nonetheless, the OPD incident report identifies Plaintiff as "Lead Investigator of Bright Line Investigations LLC." This information could only have come from OPD's access to restricted DMV or law enforcement database queries, either through dispatch or Officer Nunez's squad computer.

19. The complainant's subsequent reference to Plaintiff being "an investigator" occurred only **after** Nunez had spoken with Plaintiff, confirming that the disclosure of Plaintiff's business identity originated with OPD and not with the complainant.

20. On July 3, 2025, OPD's records unit released a redacted incident report to Plaintiff. The disclosure cited the Driver's Privacy Protection Act, 18 U.S.C. § 2721, and Wis. Stat. § 19.35(1)(a), confirming that restricted motor vehicle data had been accessed and included in the record.

21. On July 8, 2025, following the incident, Plaintiff Corrigan submitted a formal complaint to the Oshkosh Police Department regarding the unlawful access and disclosure of his restricted information.

22. On July 14, 2025, without prior notice or arrangement, Lt. Michael Hotter placed a cold call to Plaintiff from a blocked number, depriving Plaintiff of the opportunity to record the conversation himself.

23. During this call, Lt. Hotter informed Plaintiff that, after consultation with City Attorney Lynn Lorenson, OPD believed it was permissible to release "business information" tied to the plate because it was registered to a business entity.

24. Plaintiff admonished Defendants during this call, stating it was "shady" for OPD and counsel to refuse to provide their reasoning in writing.

25. Defendants advised that the call was being recorded by OPD, but refused to reduce their justification to writing.

26. Plaintiff was subsequently forced to request a copy of the recording, which captured Defendants' statements and ratification of the unlawful conduct.

27. On July 16, 2025, OPD Records Clerk Marleigh McQuown confirmed details of the July 14 call in a follow-up email to Plaintiff, further acknowledging the City's position regarding disclosure of his restricted data.

28. On September 2, 2025, Plaintiffs Corrigan and Bright Line Investigations LLC served the City of Oshkosh with a Notice of Claim under Wis. Stat. § 893.80(1d), formally notifying the City of the DPPA violations, constitutional claims, and damages sought.

29. On that date, the City of Oshkosh was formally provided with official notice of Plaintiffs' claims and resulting damages.

30. Defendants' conduct, including knowingly accessing restricted data without lawful purpose and ratifying such disclosure, constitutes **misconduct in public office** under Wis. Stat. § 946.12. While primarily a criminal statute, Plaintiffs reference it here as further evidence of unlawful and ultra vires conduct.

## V. CLAIMS FOR RELIEF

**Federal Claims**

### Count I – Violation of the Driver's Privacy Protection Act (18 U.S.C. § 2721 et seq.)

Defendants unlawfully accessed, used, and disclosed restricted motor vehicle record information without a permissible purpose. See *Dahlstrom v. Sun-Times Media, LLC*, 777 F.3d 937 (7th Cir. 2015); *Maracich v. Spears*, 570 U.S. 48 (2013).

### Count II – Deprivation of Civil Rights (42 U.S.C. § 1983)

Defendants, acting under color of law, deprived Plaintiffs of rights secured by the Constitution, including the right to informational privacy and the right to be free from unlawful searches and disclosures. See *Brown v. Texas*, 443 U.S. 47 (1979); *Delaware v. Prouse*, 440 U.S. 648 (1979).

### Count III – Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985)

Defendants, including Lt. Hotter and City Attorney Lynn Lorenson, conspired to conceal their unlawful access and disclosure of restricted information, thereby depriving Plaintiffs of equal protection of the laws.

### Count IV – Neglect to Prevent Conspiracy (42 U.S.C. § 1986)

Defendants, including supervisory officials and City Attorney Lorenson, knew of the conspiracy to access and unlawfully disclose Plaintiffs' protected information, yet failed to prevent or remedy the wrong, thereby making them liable under 42 U.S.C. § 1986.

### Count V – Municipal Liability (Monell Claim)

The City of Oshkosh, through Lt. Hotter and City Attorney Lynn Lorenson, ratified the unlawful conduct by explicitly approving it and refusing to document its justification, thereby establishing it as official policy. See *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988).

As a direct result of this ratification and lack of accountability, Plaintiffs seek injunctive relief requiring the City of Oshkosh to implement appropriate training and written policies to ensure compliance with the Driver's Privacy Protection Act, constitutional standards for vehicle registration checks, and protections for private investigators engaged in lawful activities.

---

### State Claims

### Count VI – Invasion of Privacy and Business Conspiracy (Wis. Stat. §§ 995.50, 134.01, 343.50)

Defendants' conduct constitutes an invasion of privacy, unlawful disclosure of motor vehicle data, and a conspiracy to injure Plaintiffs' business reputation and operations in violation of Wisconsin law.

**Count VII – Violation of Wisconsin Code of Ethics for Local Officials (Wis. Stat. § 19.59)**
By accessing and disclosing Plaintiffs' restricted DMV information without lawful purpose, Defendants used their office to secure an unwarranted privilege and improperly disclosed confidential information, in violation of Wis. Stat. § 19.59.

## VI. EXHIBITS

- **Exhibit A** – Affidavit of Private Detective for Service of Notice of Claim (Sept. 2025).
- **Exhibit B** – Notice of Claim served on City of Oshkosh (dated Sept. 2, 2025).
- **Exhibit C** – Incident Report Addendum (dated Sept. 1, 2025).
- **Exhibit D** – Incident Report (dated July 8, 2025).
- **Exhibit E** – Records Request Email and Cover Letter from Marleigh McQuown, Records & Reports Clerk, citing DPPA restrictions (dated July 3, 2025).
- **Exhibit F** – Email from Marleigh McQuown regarding the July 14 OPD phone call (dated July 16, 2025).

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

a. Enter judgment in favor of Plaintiffs and against Defendants;
b. Award compensatory damages in an amount to be determined at trial;
c. Award punitive damages against the individual Defendants;
d. Award reasonable attorneys' fees and costs under 42 U.S.C. § 1988;
e. Grant injunctive relief prohibiting further unlawful access and disclosure of investigator information;
f. **Order the City of Oshkosh to implement training and written policies for police officers, dispatchers, and city attorneys regarding the Driver's Privacy Protection Act, constitutional limits on vehicle registration checks, and the protection of private investigators' lawful activities;**
g. Grant such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

**Respectfully submitted,**

Dated: September 24, 2025

**Andrew Gile**
Attorney at Law
Counsel for Plaintiffs
Kyle Corrigan and Bright Line Investigations LLC

**Gile Law Group**
159 S. Ludington Street
Columbus, WI 53925
Tel: (920) 350-1144
Email: andrew@gileandco.com
**Secondary email for electronic notifications:** kyle@brightlineinvestigations.com