UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KYLE CORRIGAN, et al.,

    Plaintiffs,

 v.            Case No. 25-CV-1515

CITY OF OSHKOSH, et al.,

    Defendants.

## DECISION AND ORDER

  Kyle Corrigan, proceeding pro se, filed this action on behalf of himself and Bright Line Investigations, LLC. Corrigan can represent himself, but an artificial entity like an LLC must proceed by counsel or not at all. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993); *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 924 (7th Cir. 2003); *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985). Therefore, on October 31, 2025, the court ordered Bright Line Investigations to obtain counsel within 20 days and ordered that if it failed to do so it would be dismissed as a plaintiff.

  Counsel has not appeared on behalf of Bright Line Investigations, and therefore it will be dismissed as a plaintiff.

  The defendants have also filed a motion to dismiss. (ECF No. 3.) Corrigan's response was due no later than November 20, 2025. *See* Civ. L.R. 7(b). He has failed

to respond to the motion. "Failure to comply with the briefing requirements in Civil L. R. 7(a)-(b) may result in sanctions up to and including the Court denying or granting the motion." Civ. L.R. 7(d). Alternatively, when a plaintiff fails to respond to a motion to dismiss the court may dismiss the action for failure to prosecute. *See* Civ. L.R. 41(c). Nonetheless, having reviewed the defendants' motion, the court concludes that it is appropriate to address the motion on its merits.

Corrigan alleges that he was legally parked and conducting surveillance of a residence when an Oshkosh Police Officer, responding to a citizen's report of a suspicious person and vehicle, arrived and ran the plate of Corrigan's vehicle. This, Corrigan alleges, violated that the Driver's Privacy Protection Act (DPPA) and supports claims under 42 U.S.C. §§ 1983, 1985, and 1986, and various state laws. He also alleges that the City of Oshkosh is liable under *Monell*, *see Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978).

In 1989, a stalker murdered an actress after he obtained her address from California motor vehicle records. *Senne v. Vill. of Palatine*, 784 F.3d 444, 448 (7th Cir. 2015). That incident gave rise to the DPPA, which restricts access to personal information in government motor vehicle records. *Id*. However, there are many permissible uses of personal information under the DPPA including "by any government agency, including any court or law enforcement agency, in carrying out its functions, or any private person or entity acting on behalf of a Federal, State, or local agency in carrying out its functions." 18 U.S.C. § 2721(b)(1).

Corrigan's claims rely on his assertion that an Oshkosh Police Officer accessed his personal information (specifically the information contained in his vehicle registration) when that officer responded to a call of a suspicious vehicle. That an officer's first step in responding to such a complaint would be to run that vehicle's license plate is not only logical and reasonable, but it is expressly permitted under the DPPA as an action by a law enforcement agency in carrying out its functions. Thus, the premise of Corrigan's complaint—that it was somehow improper for an officer to access his motor vehicle record—is meritless. The allegations in the complaint do not suggest that it was in any way improper for the police officer to access Corrigan's motor vehicle record. Therefore, he has no plausible claim under the DPPA, 42 U.S.C. §§ 1983, 1985, and 1986, or any state law.

Corrigan may also be alleging that a defendant's release of an incident report pursuant to Corrigan's open record's request was improper because it disclosed that the vehicle was registered to Bright Line Investigations. Insofar as Corrigan sought to present such a claim in his complaint, again the claim is meritless. The DPPA restricts "personal information," *see* 18 U.S.C. § 2721(a)(1), which it defines as certain information belonging to an "individual," 18 U.S.C. § 2725(3). It does not protect information regarding an artificial entity such as a limited liability company like Bright Line Investigations.

Having concluded that Corrigan has failed to state a claim, the court would ordinarily give him an opportunity to amend his complaint. However, the court is unable

to glean any way by which amendment may give rise to a plausible cause of action under the circumstances presented. Moreover, Corrigan has apparently abandoned this action by failing to respond to the defendants' motion to dismiss. Therefore, the court will also dismiss this action but will do so without prejudice.

**IT IS THEREFORE ORDERED** that Bright Line Investigations, LLC, is dismissed as a plaintiff.

**IT IS FURTHER ORDERED** that the defendants' motion to dismiss is **granted**. Corrigan's complaint and this action are dismissed without prejudice. The Clerk shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 2nd day of December, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge
